NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVIS MIDDLEBROOKS, *Plaintiff*, v. JUAN CLAVIJO, et al., *Defendants*. | Civil Action No. 19-16991 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Travis Middlebrooks seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section

1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff alleges that on May 18, 2017 and September 18, 2018, Passaic police officers searched his home. Compl. at 3. Presumably because of the search, the Complaint states that

Plaintiff and his girlfriend were accused of having drugs in their possession, multiple criminal charges were filed against them, and Plaintiff and his girlfriend were sent to jail. *Id.* Plaintiff asks the Court to review the search warrants, which Plaintiff states are provided as exhibits to his Complaint as "there are multiple errors in each search warrant." *Id.* at 4. In addition, on November 11, 2019, Plaintiff submitted a September 20, 2018 affidavit from Defendant Detective Juan Clavijo setting forth Clavijo's basis for probable cause to issue updated search warrants for Plaintiff's apartment. D.E. 2.

The Court construes Plaintiff's Complaint as bringing claims pursuant to 42 U.S.C. § 1983, which provides individuals with a cause of action for certain violations of constitutional rights. *See* 42 U.S.C. § 1983. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

Plaintiff asserts claims against five Passaic police officers. Accordingly, Defendants are all state actors for purposes of Section 1983. Moreover, all of Plaintiff's claims appear to stem

3

from allegations that the search of his apartment was based upon an improper warrant—an alleged violation of the Fourth Amendment.

"The Fourth Amendment prohibits unreasonable searches and seizures." *United States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011). A search and seizure is generally reasonable pursuant to the Fourth Amendment if it is "effectuated with a warrant based on probable cause." *United States v. Bey*, 911 F.3d 139, 144-45 (3d Cir. 2018). A warrant passes Fourth Amendment scrutiny if "(1) it was issued by a neutral and detached magistrate; (2) it was based on a showing of 'probable cause' to believe that 'the evidence sought will aid in a particular apprehension or conviction for a particular offense,' and (3) it satisfies the particularity requirements." *United States v. Tutis*, 216 F. Supp. 3d 467, 477 (D.N.J. 2016) (quoting *Dalia v. United States*, 441 U.S. 238, 255 (1979)). Probable cause for a search warrant exists if there is "a 'fair probability' of criminal activity, based upon the totality of circumstances." *Id.* (quoting *United States v. Bond*, 581 F.3d 128, 139 (3d Cir. 2009)). A reviewing court, however, "must afford great deference to the probable cause finding of an issuing court," such that a probable cause finding should "be upheld so long as the supporting documents provided a substantial basis for the initial probable cause decision." *Id.* As for the particularity requirement, for "a warrant to be invalidated as general, it must 'vest the executing officers with unbridled discretion to conduct an exploratory rummaging through defendant's papers in search of criminal evidence.'" *United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars and Fifty-Seven Cents*, 307 F.3d 137, 149 (3d Cir. 2002) (quoting *United States v. Christine*, 687 F.2d 749, 753 (3d Cir. 1982)).

The Complaint alleges that Plaintiff's apartment was searched pursuant to a warrant on September 18, 2018 and May 18, 2017. The Complaint states that there were "errors" in the search warrants but provides no allegations to support this conclusory statement.

4

Plaintiff does not provide a copy of the warrant used for the September 18th search. Plaintiff, however, attached as an exhibit to the Complaint a September 20, 2018 police report describing a search of his apartment that occurred on September 20, D.E. 1-1, and later provided the September 20, 2018 affidavit. At the outset, it appears that the search occurred on September 20, 2018 rather than September 18, 2018. The search was allegedly conducted pursuant to a warrant.

Clavijo's affidavit explains that on an unstated date, two Defendant police officers observed a confidential informant enter Plaintiff's apartment, where the informant allegedly purchased crack cocaine from Plaintiff. The same two Defendants then observed the informant exit the building and meet with Clavijo; at which time the informant handed the drugs to Clavijo. D.E. 2 at 1. The confidential informant attempted to purchase drugs from Plaintiff again during the second week of September 2018. The informant allegedly went to Plaintiff's apartment but was told by Plaintiff that he was "dry," that Plaintiff did not know when he would get more, but that he would notify the informant when he did. *Id.* at 2. During the third week of September 2018, the informant contacted Clavijo and informed Clavijo that Plaintiff had told the informant that Plaintiff was "back in business." *Id.* at 3. As a result, Defendants arranged for the informant to purchase additional crack cocaine from Plaintiff at Plaintiff's apartment, which was again observed by certain Defendants. *Id.*

The information provided by Plaintiff through the affidavit is more than sufficient to establish probable cause necessary to issue a search warrant. Moreover, the Complaint does not allege any facts suggesting that Judge Rosenbluth, who signed the warrant, was not a neutral magistrate. *See* D.E. 1-1 at 1. Plaintiff did not provide a copy of the search warrant, but the Complaint does not plead any facts suggesting that the warrant did not satisfy the particularity

5

requirement. Thus as pled, it appears that Defendants' conducted the search of Plaintiff's apartment pursuant to a valid warrant on September 20, 2018.

As for the May 18, 2017 search, Plaintiff provides a copy of a search warrant that was issued on May 17, 2017, D.E. 1-2, but the Complaint asserts no factual allegations as to the search itself. On its face, the warrant appears valid. The warrant describes the apartment to be searched and items to be seized. Thus, it apparently satisfies the particularity requirement. Moreover, the Complaint fails to suggest that Judge Irwin, who signed the warrant, was not a neutral and detached magistrate. Finally, the Complaint does not contain sufficient allegations that probable cause was lacking. Therefore, Plaintiff fails to properly allege that there was a Fourth Amendment violation on May 18, 2017.

Accordingly, Plaintiff fails to state a Section 1983 claim based on a violation of his Fourth Amendment rights. Plaintiff's Complaint is therefore dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support the claim.

If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

Accordingly, and for good cause shown,

IT IS on this 8th day of January, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Travis Middlebrook's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED**; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

John Michael Vazquez, U.S.D.J.