**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRAVIS MIDDLEBROOKS,<br><br>   *Plaintiff*,<br><br>  v.<br><br>JUAN CLAVIJO, et al.,<br><br>   *Defendants*. | Civil Action No. 19-16991<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  Plaintiff Travis Middlebrooks brings this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. Under Section 1915, a court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently established his inability to pay, and on January 9, 2020, this Court granted his application to proceed *in forma pauperis* without prepayment of fees and costs. Jan. 9 Op. at 7.[1]

  When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. §1915(e)(2)(B). On January 9, 2019, this Court determined that Plaintiff failed to

---

[1] This Court's January 9, 2020 Screening Opinion (D.E. 3) shall be referred to as "Jan. 9 Op."; Plaintiff's original Complaint (D.E. 1) shall be referred to as "Compl."; and Plaintiff's Amended Complaint (D.E. 5) shall be referred to as "Am. Compl."

adequately state any claims and dismissed Plaintiff's Complaint without prejudice.  The Court afforded Plaintiff thirty (30) days to file an amended complaint.  Jan. 9 Op. at 7.

On February 13, 2020 the Court received a letter from Plaintiff, which it construes as Plaintiff's Amended Complaint.  D.E. 5.  Accordingly, the Court will screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  When a plaintiff is proceeding *in forma pauperis*, an action must be dismissed if the reviewing court finds that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, a Court must apply the same standard of review as when dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Id.* at 789.  In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff's original Complaint alleges that on May 18, 2017 and September 18, 2018, Passaic police officers searched his home. Compl. at 3. The Complaint states that Plaintiff and his girlfriend, Angela Donaldson, were accused of having drugs in their possession, criminal charges were filed against them, and both Plaintiff and Donaldson were sent to jail. *Id.* Plaintiff asked the Court to review the search warrants and alleged that there were "multiple errors in each search warrant." *Id.* at 4. In screening the Complaint, the Court also considered an affidavit from September 20, 2018 written by Detective Juan Clavijo, which Plaintiff submitted, and that set forth Detective Clavijo's basis for probable cause to issue the search warrant for Plaintiff's apartment.[2] Jan. 9 Op. at 3.

The Court construed Plaintiff's Complaint as asserting claims pursuant to 42 U.S.C. § 1983, which provides individuals with a cause of action for violations of constitutional rights. Specifically, the Court determined that Plaintiff's claims here alleged violations of the Fourth Amendment. *Id.* at 4. The Court determined, however, that Plaintiff failed to state a Section 1983

---

[2] The Complaint stated that the search occurred on September 18, 2018. The police report Plaintiff attached to the Complaint stated that the search occurred on September 20, 2018, as does Detective Clavijo's affidavit. Thus, in the first screening Opinion, the Court determined that the search at issue appeared to actually occur on September 20. Jan. 9 Op. at 5.

3

claim and dismissed the Complaint in its entirety. *Id.* at 6. Through the Amended Complaint, Plaintiff appears to assert additional facts to bolster his Section 1983 claims.

To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). As discussed, Plaintiff appears to allege that Defendants, who are state actors, violated his Fourth Amendment rights. "The Fourth Amendment prohibits unreasonable searches and seizures." *United States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011). A search and seizure is generally reasonable if it is "effectuated with a warrant based on probable cause." *United States v. Bey*, 911 F.3d 139, 144-45 (3d Cir. 2018). A search warrant complies with the Fourth Amendment if "(1) it was issued by a neutral and detached magistrate; (2) it was based on a showing of 'probable cause' to believe that 'the evidence sought will aid in a particular apprehension or conviction for a particular offense,' and (3) it satisfies the particularity requirement." *United States v. Tutis*, 216 F. Supp. 3d 467, 477 (D.N.J. 2016) (quoting *Dalia v. United States*, 441 U.S. 238, 255 (1979)). There is probable cause for a search warrant if there is "a 'fair probability' of criminal activity, based upon the totality of circumstances." *Id.* (quoting *United States v. Bond*, 581 F.3d 128, 139 (3d Cir. 2009)). However, a reviewing court need not determine whether probable cause actually exists "but only whether there was a 'substantial basis' for finding probable cause." *Id.* at 473-74 (quoting *United States v. Jones*, 994 F.2d 1051, 1054 (3d Cir. 1993)). The particularity requirement instructs that search warrants particularly describe the things that are to be seized, and therefore "makes general searches . . . impossible." *Marron v. United States*, 275 U.S. 192, 196 (1927).

In the original Complaint, Plaintiff alleged that there were "multiple errors" in the search warrants but failed to provide factual allegations to support this conclusory statement. Furthermore, this Court determined that Detective Clavijo's affidavit set forth a sufficient basis to establish probable cause necessary to issue a search warrant. Jan. 9 Op. at 5. In the Amended Complaint, Plaintiff alleges that statements in the affidavit contradict the dates of the controlled buys and searches.

Plaintiff included the search warrant that was allegedly used for the May 18, 2017 search as an exhibit to his Complaint but did not provide any further details about the May 18 search. In screening the Complaint, the Court determined that on its face, the search warrant appeared valid and that Plaintiff failed to sufficiently allege that probable cause was lacking. Jan. 9 Op. at 6. The Amended Complaint does not include any details regarding the May 18 search.

As for the September 20, 2018 search, Plaintiff states that although there were alleged controlled buys in the month of August, there was no search warrant for that month. Am. Compl. at 1. Plaintiff further alleges that there was a controlled buy in the second week of September but that the search warrant was dated for September 6, which was in the first week of September. *Id.* But the September 20 police report states that the search warrant for the September 20 search was also issued on September 20. D.E. 1-1 at 1. Accordingly, even if a search warrant was issued on September 6, it does not appear to be the warrant used for the search at issue here. Importantly, Detective Clavijo explains that the September 6 warrant was not executed due to manpower issues and also provides additional, timely facts that support a probable cause finding on September 20. Moreover, although Detective Clavijo does not discuss any controlled buys in August or during the second week of September in the affidavit, this new information in Plaintiff's Amended

Complaint serves to bolster, rather than call into question, a conclusion that there was sufficient probable cause for the September 20 search warrant.

The Amended Complaint also pleads that the September 20 warrant was improper because the alleged drugs purchased by the confidential informant were not field tested and weighed. Am. Compl. at 1. As discussed, there is probable cause for a search warrant if there is "a 'fair probability' of criminal activity, based upon the totality of circumstances." *Tutis*, 216 F. Supp. 3d at 477 (quoting *Bond*, 581 F.3d at 139). Additionally, reviewing courts must "afford great deference to the probable cause finding of an issuing court." *Id.* at 474. In this instance, a confidential informant attempted multiple controlled purchases of suspected crack cocaine from Plaintiff at Plaintiff's apartment in September and potentially August. Moreover, Plaintiff was under police surveillance at this time. This evidence provides a substantial basis for a probable cause finding, despite the fact that the narcotics were not field tested.

The Amended Complaint, however, states that at Plaintiff's detention hearing on May 18, 2017, New Jersey Superior Court Judge Donna Gallucio released Plaintiff "for lack of probable cause" and stated that "this is not what a search warrant is supposed to look like." *See* Am. Compl. at 1. Judge Gallucio allegedly made a similar statement at a September 24, 2018 hearing with Plaintiff. *Id.* Viewing the pleading in a light most favorable to Plaintiff, the Court concludes that Judge Gallucio's purported statements alone are enough to state a Section 1983 claim alleging that Defendants lacked probable cause to obtain a warrant for the two searches. In short, Plaintiff alleges that a judicial officer found that both searches lacked probable cause.[3]

---

[3] The Court's ruling does not prejudice Defendants from litigating this matter as they see fit, including filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). And so there is no confusion on Plaintiff's part, the Court is *not* finding that there was a lack of probable cause to issue either search warrant. Instead, the Court is merely ruling that Plaintiff adequately alleges Section 1983 claims such that the Complaint can proceed past screening.

Accordingly, and for good cause shown,

IT IS on this 26th day of August 2020,

**ORDERED** that Plaintiff's Amended Complaint may **PROCEED**; and it is further

**ORDERED** that the Clerk of the Court is directed to reopen this matter and file the Amended Complaint (D.E. 5); and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint, the Amended Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a)

and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[4]; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.

---

[4] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.